UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENEA SHARON DENISE GEORGE
DANIELS HEATH

CIVIL ACTION

VERSUS

NUMBER 13-344-JJB-SCR

DANIEL LOUIS HEATH, JR.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 29, 2013.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENEA SHARON DENISE GEORGE
DANIELS HEATH                               CIVIL ACTION

VERSUS                                      NUMBER 13-344-JJB-SCR

DANIEL LOUIS HEATH, JR.

**MAGISTRATE JUDGE'S REPORT**

Plaintiff fled a Complaint naming as defendants Daniel Louis HeatH, Jr., Judge Janice Clark, Attorney Miracle Myles and Attorney Jim Holt as Power of Attorney for Daniel L. Heath, Jr. The grounds for filing the Complaint are not clear, but the complaint apparently arises from a state court eviction proceeding which resulted in what the plaintiff characterizes as a "fraudulent judgment" issued by Judge Clark and her refusal to permit the plaintiff to appeal the decision to the Louisiana First Circuit Court of Appeal. The Complaint indicates that the plaintiff was going to provide additional information on June 3, 2013, since a formal judgment from a hearing held on April 29 was not available when the Complaint was filed. No supplemental complaint was filed and no additional information was provided. Plaintiff seeks to have the eviction voided, Attorney Holt disbarred, and defendant Heath put in jail for fraud.

## I. Applicable Law and Analysis

A complaint may be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii) if it is frivolous or fails to state a claim on which relief may be granted.  A complaint is frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's complaint should be dismissed as frivolous.

There is no apparent basis for subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332.  As to a federal claim, the most the plaintiff could allege is that she was denied due process under 42 U.S.C. § 1983.  Such an allegation would be insufficient to

state a claim on which relief may be granted.[1]  Clearly there was a state court hearing which apparently resulted in an order of eviction.  The Due Process Clause requires the person have an opportunity to present her side of the dispute before the state authority takes action.  It is apparent that the plaintiff had that opportunity.  Due process does not mandate that a person obtains a favorable result.

Nor is there a basis for diversity jurisdiction.  Plaintiff is a Louisiana citizen.  And while the Complaint does not affirmatively allege the citizenship of any of the defendants, this court can take judicial notice of the fact that Judge Clark is an elected judge of the Nineteenth Judicial District Court in East Baton Rouge Parish, Louisiana.  To be elected as a state court

---

[1] As to the attorney defendants, a federal due process claim would also be frivolous because they are not state actors who can be sued under 42 U.S.C. § 1983.  An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981).  Because a private attorney's role is independent from the role of the state, any attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974).  A private retained attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978).  Plaintiff has not alleged any facts which could support a claim that the attorney defendants conspired with Judge Clark to deprive her of her rights. Furthermore, merely making vague and conclusory allegations that the defendants conspired against her would be insufficient.  It has been long established that more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1362 (5th Cir. 1987).

judge, she would have to be Louisiana citizen. Therefore, there is not complete diversity of citizenship between the plaintiff and all defendants.[2]

Furthermore, Judge Clark has absolute judicial immunity. Judicial immunity is a question of law which must be determined on the facts of each case. *Brewer v. Blackwell,* 692 F.2d 387, 390-391 (5th Cir. 1982). A judge is immune from suit for damages resulting from an act performed in her judicial role. The immunity shields the judge unless she acts in the clear absence of all jurisdiction over the subject matter, or in a non-judicial capacity. *Brewer v. Blackwell, supra*, at p. 396. *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 999 (1984). The immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992 (5th Cir. 1989) (citing cases).

The Fifth Circuit Court of Appeals established in *Brewer, supra*, a four-part test to determine whether an act is sufficiently judicial to warrant immunity. Applying that test here, it is clear that Judge Clark would be shielded by judicial immunity.

---

[2] Although there is not complete diversity of citizenship based on Judge Clark being a Louisiana Citizen, it is highly likely that both attorneys are also Louisiana citizens. Both are licensed to practice law in Louisiana, are admitted to practice in this court, and have an office in Baton Rouge, Louisiana.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous.

Baton Rouge, Louisiana, July 29, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE